917 F.2d 764
 Kathleen EHRSAM
v.
Alan M. RUBENSTEIN, District Attorney of Bucks County,
Pennsylvania; Ernest D. Preate, Jr., Attorney
General of Pennsylvania.
Appeal of Kathleen M. EHRSAM.
 No. 90-5111.
 United States Court of Appeals,
Third Circuit.
 Argued Aug. 21, 1990.
Decided Oct. 23, 1990.
Rehearing and Rehearing In Banc
Denied Nov. 29, 1990.
 
 Peter T. Campana, Angela C. Lovecchio, Marc F. Lovecchio (argued), Campana & Campana, Williamsport, Pa., for appellant.
 Alan M. Rubenstein, Dist. Atty., Stephen B. Harris, Chief of Appeals, Louis R. Busico, C. Theodore Fritsch, Jr. (argued), Asst. Dist. Attys., Doylestown, Pa., for appellee Alan M. Rubenstein.
 Ernest D. Preate, Jr., Atty. Gen., Anthony Sarcione, Executive Deputy Atty. Gen., Director, Crim. Law Div., Robert A. Graci, Chief Deputy Atty. Gen., Mary Benefield Seiverling (argued), Deputy Atty. Gen., Appeals and Legal Services Section, Harrisburg, Pa., for appellee Ernest D. Preate, Jr.
 Thomas R. Quinn, Pennsylvania Ass'n of Crim. Defense Lawyers, David M. McGlaughlin, Chairman, amicus curiae committee, Pennsylvania Ass'n of Crim. Defense Lawyers, Philadelphia, Pa., for amicus curiae.
 Before STAPLETON, COWEN and WEIS, Circuit Judges.
 OPINION OF THE COURT
 STAPLETON, Circuit Judge:
 
 
 1
 Appellant Kathleen Ehrsam asserts that the Pennsylvania Mandatory Minimum Sentencing Act ("the Act"), under which she was sentenced, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The district court dismissed Ehrsam's petition for a writ of habeas corpus, and she appeals. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253, and our review of the district court's legal conclusions is plenary. Bond v. Fulcomer, 864 F.2d 306 (3d Cir.1989). We will affirm the judgment of the district court.
 
 I.
 
 2
 In 1983, Ehrsam was convicted in the Pennsylvania Court of Common Pleas of aggravated assault, simple assault, recklessly endangering another person, and possession of an instrument of crime. Pursuant to the Act, she was sentenced to the mandatory minimum of five years incarceration.
 
 
 3
 The Act lists a number of offenses, including aggravated assault, for which the mandatory minimum sentence of five years is applicable.[1] If a defendant is convicted of one of these offenses, two further requirements must be met before the minimum sentence will be binding on the sentencing judge. First, the Commonwealth must give notice before sentencing of its intention to proceed under this section. Second, the sentencing judge must determine by a preponderance of the evidence that the defendant "visibly possessed a firearm during the commission of the offense."
 
 
 4
 In McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), the Supreme Court of the United States rejected a due process challenge to that portion of the Act which provides that the state need only prove "visible possession" by a preponderance of the evidence. The Court held that visible possession of a firearm is not an element of the crime charged and, accordingly, need not be proved beyond a reasonable doubt. The Court had no occasion to address the arguments here advanced by Ehrsam.
 
 II.
 
 5
 Ehrsam argues that the Act violates the Due Process Clause, first, because the Act prohibits the judge from considering the individual circumstances of the defendant, and, second, because the Act gives the prosecutor discretion to determine after the finding of guilt whether to seek mandatory minimum sentencing under the Act.
 
 A.
 
 6
 The Supreme Court has never recognized a constitutional right to individualized sentencing, and appellant has cited no court of appeals decision that recognizes such a right. Moreover, the Supreme Court in dicta, this court, and other courts of appeals have expressly declined to recognize such a right.
 
 
 7
 In Lockett v. Ohio, 438 U.S. 586, 602, 98 S.Ct. 2954, 2963, 57 L.Ed.2d 973 (1978), the Supreme Court observed that "the concept of individualized sentencing in criminal cases generally, although not constitutionally required, has long been accepted in this country." (emphasis added). The Court also noted that "legislatures remain free to decide how much discretion in sentencing should be reposed in the judge or jury in noncapital cases." Id. at 603, 98 S.Ct. at 2964. Recently, in upholding the constitutionality of the federal sentencing guidelines against an attack based on separation of powers principles, the Court stated that "the scope of judicial discretion with respect to a sentence is subject to congressional control." Mistretta v. United States, 488 U.S. 361, 364, 109 S.Ct. 647, 650, 102 L.Ed.2d 714 (1989).
 
 
 8
 In addition, this court has held that there is no due process right to individualized sentencing. In United States v. Frank, 864 F.2d 992, 1010 (3d Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 2442, 104 L.Ed.2d 998 (1989), we recalled that the "early practice was for Congress to prescribe specific punishment for specific crimes, and it was only much later that Congress delegated to the federal courts the broad discretion in sentencing which they have exercised in recent years." We also pointed out that "recognition of a substantive liberty interest in individualized treatment in sentencing would ... be inconsistent with the generally accepted notion that both retribution ... and general deterrence ... are appropriate societal reasons for imposing sanctions." Id. at 1009-10.
 
 
 9
 Other courts of appeals have also held that there is no constitutional right to individualized sentencing. In United States v. Vizcaino, 870 F.2d 52, 56 (2d Cir.1989), the court held that "there is no constitutional right to judicial discretion in individualized sentencing." See also United States v. Wilkins, 911 F.2d 337, 339 (9th Cir.1990) ("Criminal defendants do not have a constitutional right to individualized sentences."); United States v. White, 869 F.2d 822, 825 (5th Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989) ("The Constitution does not require individualized sentences."); United States v. Oxford, 735 F.2d 276, 279 (7th Cir.1984) ("there is no constitutional requirement that a sentencing court individualize the sentence of each defendant.").
 
 
 10
 We reaffirm our previously expressed view that the Due Process Clause permits mandatory sentences.
 
 B.
 
 11
 Ehrsam also argues that the Act violates due process because it gives post-conviction discretion to prosecutors to decide whether to proceed under the Act. According to Ehrsam, this has the effect of transferring from the court to the prosecutor the right to decide whether the defendant will receive the mandatory minimum sentence, thereby violating the defendant's right to have his or her sentence determined by an impartial decisionmaker.
 
 
 12
 The fallacy in Ehrsam's argument is that a defendant has no due process right to have a judge determine his or her sentence and, accordingly, a legislature may constrain or eliminate altogether the role of judicial discretion in the sentencing process. As the Court of Appeals for the Second Circuit has recently observed, "Congress may constitutionally prescribe mandatory sentences or otherwise constrain the exercise of judicial discretion ... so long as such constraints have a rational basis." United States v. Huerta, 878 F.2d 89, 94 (2d Cir.1989) (citations omitted), cert. denied, --- U.S. ----, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990).
 
 
 13
 It is also well settled that a legislature can exercise its right to limit judicial discretion in sentencing by bestowing on prosecutors the right to make decisions that may curtail judicial discretion. In United States v. Batchelder, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), the Supreme Court held that the Due Process Clause was not violated by the existence of two statutes providing different penalties for precisely the same conduct even though the power to choose which statute to use as the basis for prosecution allowed the prosecutor to control the maximum sentence that could be imposed by the court.
 
 
 14
 Ehrsam attempts to distinguish Batchelder in two ways. First, she argues that in Batchelder, the prosecutor's choice had to be made at the pre-trial stage while the prosecutor's choice under the Act may be made after the finding of guilt. We find no constitutional relevance in this procedural distinction.
 
 
 15
 Second, Ehrsam points out that while the statutes in Batchelder contained different maximum sentences, they provided no mandatory minimum sentences. By contrast, the statute under attack in this case gives the prosecutor discretion whether to insist upon a mandatory sentence. Thus, in Batchelder the sentencing judge was left with discretion to exercise within the range established by the prosecutor's actions; here the filing of the notice deprived the sentencing judge of any discretion. Once again we perceive no constitutionally relevant difference between this case and Batchelder. The absence of any such difference is most readily demonstrated by reference to the host of appellate cases that have sustained the validity of the "substantial assistance" provision of the federal sentencing guidelines.
 
 
 16
 Section 3553(e) of Title 18 of the United States Code provides that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Section 5K1.1 of the Sentencing Guidelines implements this section: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."
 
 
 17
 Section 3553(e) and Section 5K1.1 have an effect almost identical to that of the Pennsylvania Act. Under both the federal provisions and the Act, the prosecutor possesses discretion whether to permit departure from a mandatory minimum sentence. Under the federal guidelines, the judge may depart from the mandatory minimum only if the prosecutor files the motion; under the Pennsylvania Act, the judge may depart from the mandatory minimum only if the prosecutor does not file a notice. In both situations, however, the prosecutor makes a decision the effect of which is either to require a minimum sentence or to allow the sentencing judge to depart from that sentence.
 
 
 18
 There have been numerous due process challenges to the federal substantial assistance provision; none have been successful. In all, eight courts of appeals have rejected due process challenges to the substantial assistance provisions of the federal sentencing guidelines and 18 U.S.C. Sec. 3553(e). United States v. La Guardia, 902 F.2d 1010 (1st Cir.1990); United States v. Lewis, 896 F.2d 246 (7th Cir.1990); United States v. Kuntz, 908 F.2d 655 (10th Cir.1990); United States v. Huerta, 878 F.2d 89 (2d Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990); United States v. Francois, 889 F.2d 1341 (4th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 1822, 108 L.Ed.2d 951 (1990); United States v. Grant, 886 F.2d 1513 (8th Cir.1989); United States v. Ayarza, 874 F.2d 647 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 847, 107 L.Ed.2d 841 (1990); United States v. Musser, 856 F.2d 1484 (11th Cir.1988), cert. denied, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989). We agree with the disposition of these cases and similarly find no due process violation in this case.
 
 III.
 
 19
 We hold that the challenged provisions of the Pennsylvania Mandatory Minimum Sentencing Act do not violate the Due Process Clause. We will, therefore, affirm the judgment of the district court.
 
 
 
 [1]
 The Pennsylvania Mandatory Minimum Sentencing Act, 42 Pa.Cons.Stat.Ann. Sec. 9712 (Purdon 1982), provides in relevant part:
 (a) Mandatory sentence.--Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. Sec. 3701(a)(1)(i), (ii) or (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. Sec. 2702(a)(1) (relating to aggravated assault) or kidnapping, or who is convicted of attempt to commit any of these crimes, shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.
 (b) Proof at sentencing.--Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.
 (c) Authority of court in sentencing.--There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.