# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 02-3238

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

LISSETT RIVERA,

*Defendant-Appellant*.

———————

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 98 CR 923—**Blanche M. Manning**, *Judge*.

———————

ARGUED MAY 31, 2005—DECIDED JUNE 16, 2005

———————

Before EASTERBROOK, ROVNER, and WOOD, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. In an unpublished order issued today, we affirm the convictions of Lissett Rivera and her co-defendants, who according to the jury's verdict conspired to distribute more than five kilograms of crack cocaine. 21 U.S.C. §846. This opinion addresses Rivera's objections to her sentence.

A first offender who conspires to distribute more than five kilograms of cocaine "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life". 21 U.S.C. §841(b)(1)(A)(ii). Rivera has no prior

convictions for drug offenses or violent felonies, and given the jury's conclusion that she conspired to distribute more than five kilograms of cocaine the statute calls for a minimum sentence of 10 years' imprisonment. Yet the district judge sentenced her to 97 months, and she contends that even this is too high because the judge should not have found that she is accountable for her confederates' use of weapons, and should have concluded that she is a minor participant. Adjustments for possessing weapons, or role in the offense, matter to the Guidelines' sentencing range but do not affect statutory minimum sentences. A sentence below the statutory minimum is proper if the accused substantially assists the prosecution, see 18 U.S.C. §3553(e), or qualifies for the "safety valve" in §3553(f), but neither exception applies.

Because the district judge treated the Guidelines range rather than the statutory minimum as the effective legal constraint, Rivera insists that the court violated her right under the sixth amendment to have the jury determine all factors that affect the minimum sentence to which she is exposed. See *United States v. Booker*, 125 S. Ct. 738 (2005). Accordingly she seeks a remand under *United States v. Paladino*, 401 F.3d 471, 481-85 (7th Cir. 2005)—though, her counsel informed us after oral argument, *not* a full remand, which, for reasons now to be explained, could lead to a higher sentence. See also *United States v. Goldberg*, 406 F.3d 891 (7th Cir. 2005).

An argument based on *Booker* is hard to maintain when the cornerstone of the defendant's position is that the jury's actual verdict counts for nothing. The jury's verdict by itself establishes that Rivera is accountable for five kilograms and thus must serve the statutory minimum sentence. Findings that may lead to a higher sentence remain the judge's responsibility, but the minimum has been taken out of the judge's hands.

When deciding to disregard the jury's finding, the district judge relied on *United States v. Young*, 997 F.2d 1204, 1209-10 (7th Cir. 1993), which holds that the drug quantity that is material to the minimum sentence in a conspiracy case is the amount for which the defendant is substantively accountable under *Pinkerton v. United States*, 328 U.S. 640 (1946)—which is to say, all criminal acts within the scope of the conspiracy and foreseeable to the accused. *Young*'s principle is unexceptionable and applies whenever the judge must make findings that set a statutory minimum sentence, something that judges may continue to do even after *Apprendi v. New Jersey*, 530 U.S. 466 (2000). See *Harris v. United States*, 536 U.S. 545 (2002). But *Young* does not hold that judges may disregard the jury's own conclusion that some fact has been established. Once the jury has spoken, its verdict controls unless the evidence is insufficient or some procedural error occurred; it is both unnecessary and inappropriate for the judge to reexamine, and resolve in the defendant's favor, a factual issue that the jury has resolved in the prosecutor's favor beyond a reasonable doubt.

When *Young* was decided, this court thought that all disputes about drug type and quantity, to the extent they affected the sentence, were to be resolved by the judge rather than the jury. See *United States v. Edwards*, 105 F.3d 1179 (7th Cir. 1997), affirmed, 523 U.S. 511 (1998). *Apprendi* and its successors, such as *Booker*, establish a new allocation of tasks between judge and jury. So although *Young*'s conclusions about the legal significance of particular facts remains sound, its assumption that judges necessarily resolve factual disputes about drug quantities has been superseded.

The jury found that Rivera conspired to distribute more than five kilograms of cocaine, and she does not maintain that the evidence is insufficient to support that verdict. She would have been free to argue at trial that, even if she joined with the other defendants in a drug-distribution

venture, the goal (as she understood it) was to distribute some lower amount; that might have led the prosecutor to request a lesser-included-offense instruction, so that the jury could determine whether Rivera's objectives were less ambitious, and her knowledge less extensive, than her confederates (who, the judge found, actually distributed more than 150 kilograms of cocaine). We need not speculate, however, on what could or might have happened. What *did* happen at trial fixes Rivera's minimum penalty at 120 months' imprisonment.

By deciding not to take a cross-appeal, the United States has ensured that Rivera's sentence cannot be increased. But the lack of a cross-appeal does not entitle Rivera to another shot at a sentence below 97 months, if the only lawful outcome on remand would be application of the statutory minimum. It is accordingly unnecessary for us to consider whether Rivera's sentencing range under the Guidelines was calculated correctly; she cannot benefit from resentencing. Nor is a remand under *Paladino* appropriate, for *Booker* does not confer on district judges any discretion to give sentences below statutory floors. Any error the district judge may have made in resolving factual disputes in order to apply the Guidelines was harmless. Cf. *United States v. Lee*, 399 F.3d 864 (7th Cir. 2005).

                                                      **AFFIRMED**

A true Copy:

        Teste:

                        _____
                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*