**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July15, 2005
Decided July 18, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-1714

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 04-CR-20010 |
| PATRICK SPAIN, *Defendant-Appellant.* | Michael P. McCuskey, *Chief Judge.* |

**O R D E R**

Patrick Spain entered unconditional guilty pleas to possessing five grams of crack cocaine with intent to distribute (Count 1), *see* 21 U.S.C. § 841(a)(1), (b)(1)(B), possessing a firearm in furtherance of a drug crime (Count 2), *see* 18 U.S.C. § 922(c)(1)(A)(i), and possessing a firearm as a convicted felon (Count 3), *see id.* § 922(g)(1).  The district court deemed the sentencing guidelines advisory and, after granting the government's motion for a substantial-assistance downward departure under U.S.S.G. 5K1.1, imposed concurrent sentences of 120 months on Counts 1 and 3, and a consecutive sentence of 60 months on Count 2.  The government, in moving under § 5K1.1 for a departure below the guideline range, also expressly refused to exercised its authority under 18 U.S.C. § 3553(e) to release Spain from the 10-year

and consecutive 5-year minimum mandatory terms applicable to Counts 1 and 2, respectively. Appointed counsel filed a notice of appeal, but now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she cannot find a nonfrivolous issue to present. Counsel's *Anders* brief is facially adequate, and Spain has not responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. Thus, our review is limited to those potential issues identified in counsel's brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel first asks whether Spain could challenge his guilty pleas, but represents that Spain does not wish to withdraw the pleas. Consequently, counsel correctly concludes that she cannot address the validity of the pleas, because we have held that appointed lawyers seeking to withdraw under *Anders* should not even explore the propriety of a guilty plea unless the defendant has said he wants to unwind the plea. *United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel next considers whether any grounds exist to challenge the reasonableness of Spain's sentence, which the district court imposed in accordance with our decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *aff'd*, 125 S. Ct. 738 (2005). The district court, after taking into consideration the factors in 18 U.S.C. § 3553(a), sentenced Spain to a total of 180 months' imprisonment, which is the effective statutory minimum given the requirement that the sentence on Count 2 run consecutive to any other term. As counsel notes, a sentence imposed under an advisory guideline scheme is reviewed for reasonableness, *see United States v. Booker*, 125 S. Ct. 738, 765 (2005); *United States v. Tedder*, 403 F.3d 836, 844 (7th Cir. 2005), and it would be frivolous for Spain to argue that the minimum statutory term is unreasonable, *see United States v. Henry*, 408 F.3d 930, 935 (7th Cir. 2005); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005).

Finally, counsel considers whether Spain could argue that the district court erred by not further departing below the statutory minimum even without a government motion under § 3553(e). That argument would be frivolous because it is settled that only the government may initiate a § 3553(e) departure; the district court lacked the authority to depart *sua sponte* below the statutory minimum sentence. *Melendez v. United States*, 518 U.S. 120, 126 (1996); *United States v. McMutuary*, 217 F.3d 477, 487 (7th Cir. 2000). *Booker* did not alter this limitation. *See United States v. Rivera*, No. 02-3238, 2005 WL 1404570, at *2 (7th Cir. June 16, 2005); *United States v. Duncan,* No. 04-1916, 2005 WL 1540249, at *3 (7th Cir. July 1, 2005).

We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.