

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-2006

# USA v. Wade

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1679

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Wade" (2006). *2006 Decisions.* Paper 676.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/676

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNTIED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-1679

UNITED STATES OF AMERICA

v.

ANTIONE C. WADE

Appeal from the Untied States District Court
for the District of New Jersey
District Court No: 03-cr-00171-2
District Judge: Dickinson R. Debevoise

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2006

Before: SLOVITER, MCKEE and RENDELL, Circuit Judges

(Filed:   July 31, 2006)

───────────

OPINION

───────────

McKEE, Circuit Judge

Antione Wade appeals the sentence that was imposed following his guilty plea.

He raises several claims of error which he summarizes by arguing that "various

constitutional and statutory considerations warranted a lower sentence." Appellant's Br.

at 4. For the reasons that follow,  we will affirm the judgment of sentence.

Since we are writing primarily for the parties who are familiar with this dispute,

we need not set forth the procedural or factual background of ths appeal.  We review

Wade's challenge to the sentencing scheme for plain error as it was not raised in the district court. *United States v. Thorton*, 306 F.3d 1355, 1358 (3d Cir. 2002). To the extent that Wade argues that he should have received a lower sentence, our review is limited to the reasonableness of the sentence that was imposed. *United States v. Booker*, 125 S.Ct 738 (2005). However, we do not have jurisdiction to review Wade's sentence to the extent that he argues that the district court abused its discretion in refusing to grant a downward departure under the advisory Guidelines. *See United States v. Cooper*, 437 F.3d 324 (3d. Cir. 2006).

Wade claims he was denied due process of law because his sentence is based upon an arbitrary ratio of 100 to 1 for powder cocaine to crack cocaine. However, Wade was not sentenced pursuant to the 100 to 1 ration contained in the Sentencing Guidelines. Rather, he received the statutorily prescribed mandatory minimum sentence. He stipulated that his offense involved more than 50 grams of cocaine base. BA15-27. Accordingly, his sentence was governed by 21 U.S.C. §§ 841(a)(1), and 841(b)(1). *See United States v. McKoy*, __ F.3d __, 2006 WL 1668061 (3d. Cir. 2006). The Supreme Court's decision in *United States v. Booker,* 543 U.S. 220 (2005), does not give sentencing judges discretion to sentence below otherwise applicable statutorily mandated minimum sentences. *See United States v. Rivera*, 411 F.3d 864, 866 (7th Cir. 2005).

We must also reject Wade's claim to the extent that he is arguing that the "crack to powder" cocaine ratio in the Guidelines impacted the statutory scheme, and his sentence. Although substantial policy arguments have been raised against the increased penalties

2

for crack, the legal question is settled. "In rejecting constitutional challenges to the distinction between cocaine base and cocaine powder in the federal sentencing scheme, courts have consistently found that Congress had a rational basis for treating offenses involving the two substances differently." *United States v. Alton*, 60 F.3d 1065, 1069, (3d. Cir. 1995).

Wade's due process challenge to the legality and application of the statutory minimum is also meritless. He claims that he could not be expected to escape the force of the mandatory minimum by providing "substantial assistance" because that would have required him to provide evidence against his father. Although the familial context of Wade's challenge to the operation of U.S.S. G. § 5k1.1 is somewhat unique, the argument is not. In *United States. v. Santos*, 932 F.2d 244, 256 (3d. Cir. 1991), we said: "[t]here have been numerous due process challenges to the federal substantial assistance provision; none have been successful. . . . We agree with the disposition of these cases and similarly find no due process violation in this case." *See also*, *Ehrsam v. Rubenstein*, 917 F.2d 764 (3d. Cir. 1990.).

We also reject Wade's attempt to argue that the district court should have granted a downward departure based upon the conditions in the jail where Wade was confined. That argument amounts to a challenge to the district court's exercise of discretion in not awarding a downward departure. As we noted above, we do not have jurisdiction to

review such a claim. *See Cooper, supra.*[1]

Wade also claims that the extraordinary family circumstances including his mother and grandmother passing away while he was incarcerated, his father's incarceration, and his very limited family relationships, all warranted a lower sentence. However, the district court considered these circumstances in imposing a sentence at the floor of the mandatory minimum.[2]

Finally, Wade argues that his original trial counsel was ineffective and that ineffectiveness somehow spills over to his subsequent guilty plea even though he was allowed to withdraw the guilty plea he initially entered and then consult with newly appointed counsel before entering the instant plea. We have frequently stated that claims of ineffective assistance of counsel are not properly raised on direct appeal, *see United States v. Haywood*, 155 F.3d 674, 678 (3d. Cir. 1998), absent special circumstances not present here. Accordingly, we will not address that claim of error now.

For all the reasons above, we will affirm the judgment of sentence.

---

[1] Assuming *aguendo* that we have jurisdiction to review that claim, we would nevertheless reject it. "While there has been some contention among the district courts of this Circuit over the propriety and wisdom of considering the conditions of confinement as a basis for downward departures . . .", *United States v. Stevens*, 223 F.3d 239, 249 n.9 (3d. Cir. 2000), nothing on this record suggests that the district court's failure to do so resulted in an unreasonable sentence.

[2] Moreover, "downward departure based on family ties and responsibilities should be the exception rather than the rule." *United States v. Sweeting*, 213 F.3d 95, 100 (3d. Cir. 2000). Thus, if we once again assume *arguendo* that we have jurisdiction to review this claim, *see United States v. Mussayek*, 338 F.3d 245 (3d. Cir. 2003), we would still reject it.

4