**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued September 3, 2008
Decided September 16, 2008

### Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 07-3405 <br><br> UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> RANDY VELLEFF, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 02 CR 398 <br> Joan Humphrey Lefkow, *Judge*. |

### Order

Randy Velleff has been convicted of several charges related to robbery, the distribution of drugs, and firearms offenses. The jury convicted him of five crimes and also found, in a special verdict, that he had conspired to distribute more than five kilograms of cocaine. That set the maximum penalty at life in prison, see 21 U.S.C. §841(b)(1)(A), and as a career offender Velleff is subject to the statutory requirement that the actual penalty be "at or near the maximum term". 28 U.S.C. §994(h). The district court sentenced Velleff to 430 months' imprisonment.

His first appeal led to a remand for resentencing, because the district court had acted before *United States v. Booker*, 543 U.S. 220 (2005), established the advisory character of the Sentencing Guidelines. On remand, the district judge sentenced him to 300 months' imprisonment, and Velleff has appealed a second time.

His principal arguments on appeal concern the validity of his convictions. These arguments were forfeited by their omission from the first appeal. Our remand was limited to resentencing; such a remand does not entitle a litigant to raise novel arguments. The district court must stick to the scope of the remand. See, e.g., *United States v. Swanson*, 483 F.3d 509, 515 (7th Cir. 2006); *United States v. Husband*, 312 F.3d 247, 250–51 (7th Cir. 2002); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). The remand in this

case covers only the length of imprisonment in light of *Booker*, not whether each charge states an offense or some counts are multiplicitous.

Velleff attempts to avoid these rules by arguing that the charge failed to state an offense, a problem that he characterizes as "jurisdictional." It is not. See *United States v. Cotton*, 535 U.S. 625 (2002). The district court had subject-matter jurisdiction under 18 U.S.C. §3231, which authorizes district courts to resolve all criminal charges arising under the laws of the United States. Errors or omissions in the indictment, and shortfalls in the proof, do not affect the court's subject-matter jurisdiction. See *United States v. Martin*, 147 F.3d 529 (7th Cir. 1997). (Not that any of the arguments now advanced has merit; Velleff should not think that he can do better by contending that his lawyer on the first appeal furnished ineffective assistance.)

The sentence of 300 months is 120 months below the bottom of the Guideline range. Velleff maintains that the district judge should not have treated him as a career offender, but he meets the requirements of U.S.S.G. §4B1.1. That his current drug crime is conspiracy to distribute, rather than a completed distribution, is not material under §4B1.1(a)(2), which treats inchoate and completed drug offenses identically. The district court may have taken the inchoate nature of the current drug crime into account when imposing a sentence ten years below the bottom of the guideline range. Velleff also contends that the judge was free to disregard the jury's special verdict, but that's wrong. See *United States v. Rivera*, 411 F.3d 864 (7th Cir. 2005). This sentence cannot be called unreasonably high, given the substantial discretion that district judges possess after *Booker*. See, e.g., *Gall v. United States*, 128 S. Ct. 586 (2007); *Rita v. United States*, 127 S. Ct. 2456 (2007); *United States v. Wallace*, 531 F.3d 504 (7th Cir. 2008).

AFFIRMED