NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2008
Decided December 16, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-1852

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | 07-CR-20052-MPM-DGB-01 |
| ORLANDO HILL, *Defendant-Appellant*. | Michael P. McCuskey, *Chief Judge*. |

**O R D E R**

In March 2007, federal and state agents executed a search warrant at Orlando Hill's residence in Kankakee, Illinois. During the search they arrested Hill and found, among other things, approximately 45 grams of crack, two semiautomatic weapons, and a ballistic vest. The next day, after receiving the *Miranda* warnings, Hill confessed that he purchased 63 grams of crack the day before his arrest.

Hill, who had a previous conviction for distributing drugs, pleaded guilty to one count of possessing with intent to distribute a controlled substance, *see* 21 U.S.C. § 841(a)(1),

and one count of possessing a firearm to further a drug crime, *see* 18 U.S.C. § 924(c). Prior to sentencing, Hill filed a *pro se* motion to withdraw those pleas on the ground that his lawyer was ineffective in not challenging the validity of the search warrant, but after the district court appointed new counsel, Hill withdrew that motion. The court sentenced Hill to 10 years for possessing the drugs, the minimum allowed given the quantity of crack and his prior drug conviction, *see* § 841(b)(1)(B)(iii), and an additional 5 years for possessing the weapon in furtherance of a drug-trafficking crime, the minimum allowed under § 924(c)(1)(A)(i).

Hill filed a notice of appeal, but his appointed lawyer seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Hill did not respond to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We limit our review to the potential issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel considers whether Hill could challenge the voluntariness of his guilty pleas, though he does not say whether Hill would want to pursue such a claim. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Regardless, any potential challenge to the voluntariness of the pleas would be frivolous. As counsel observes, because Hill ultimately stood by his guilty pleas and abandoned his *pro se* motion to withdraw them, our review would be limited to a search for plain error, a standard that Hill could not satisfy. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 633 (7th Cir. 2006). To ensure that a guilty plea is voluntary, the district court must conduct a colloquy that substantially complies with the requirements of Federal Rule of Criminal Procedure 11. *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). Counsel has not identified any error or omission in the district court's plea colloquy, and our own review of the record confirms that the district court's exhaustive and thorough exchange with Hill substantially complied with the dictates of Rule 11.

Counsel next considers whether Hill should argue on appeal that his first lawyer was ineffective for failing to challenge the constitutionality of the search of Hill's residence. As counsel recognizes, Hill waived any challenge to the constitutionality of the search by pleading guilty. *See United States v. Harvey*, 484 F.3d 453, 455 (7th Cir. 2007); *United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir. 2000). And Hill similarly waived any claim that his counsel was ineffective for failing to contest the constitutionality of the search because he raised and then abandoned that argument in the district court. *See United States v. Cunningham,* 405 F.3d 497, 502 (7th Cir. 2005); *Schuh*, 289 F.3d at 976.

Counsel also considers, but rejects as frivolous, a challenge to the reasonableness of Hill's 180-month prison sentence, which counsel concedes was the minimum allowed under § 841(b)(1)(B)(iii) and § 924(c)(1)(A)(i). The district court may sentence a defendant below the statutory minimum only in two circumstances, *United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006); *United States v. Rivera*, 411 F.3d 864, 866 (7th Cir. 2005), and as counsel recognizes, neither exception applies to Hill's case. The district court was prohibited from considering whether Hill deserved a lower sentence for providing substantial assistance because the government did not move to release the defendant from the statutory minimum under 18 U.S.C. § 3553(e). *United States v. McMutuary*, 217 F.3d 477, 487 (7th Cir. 2000). And Hill's only other avenue for relief from the statutory minimum, the "safety-valve" exception, does not apply because his crime involved the possession of a firearm. *See* 18 U.S.C. 3553(f)(2); *United States v. Brack*, 188 F.3d 748, 762 (7th Cir. 1999). Indeed, Hill was fortunate to receive the sentence imposed. As the district court noted, had the government charged Hill with possessing over 50 grams of crack—an amount he admittedly possessed the day before his arrest—his guilty pleas would have subjected him to mandatory consecutive terms totaling at least 300 months. *See* 21 U.S.C. § 841(b)(1)(A)(iii); 18 U.S.C. § 924(c)(1)(A)(i).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.