In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 08-2655 & 08-2661

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BERNARD DOUGLAS,

*Defendant-Appellant.*

Appeals from the United States District Court
for the Central District of Illinois.
Nos. 04 CR 10074 & 07 CR 10080—**Michael M. Mihm**, *Judge.*

ARGUED MAY 4, 2009—DECIDED JUNE 17, 2009

Before KANNE and EVANS, *Circuit Judges*, and DOW, *District Judge.*[*]

KANNE, *Circuit Judge.* This is a sentencing appeal. On February 6, 2008, the defendant, Bernard Douglas, pled guilty to conspiring to distribute more than five kilograms of cocaine and more than fifty grams of crack in

[*] Honorable Robert M. Dow, Jr., United States District Judge for the Northern District of Illinois, is sitting by designation.

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Douglas was serving a three-year term of supervised release for a prior offense, the terms of which Douglas violated by his role in the conspiracy. On June 27, 2008, the district court sentenced Douglas to a total of 258 months in prison: 240 months for the conspiracy and eighteen months for the supervised release violation, the two sentences to be served consecutively. Douglas now challenges both components of his sentence.

We turn first to his sentence on the drug conspiracy charge. At sentencing, Douglas objected to the offense level calculation contained within his Presentence Investigation Report. Specifically, Douglas questioned two upward adjustments recommended in the report: the first for Douglas's purported leadership role in the conspiracy, *see* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.1(c); the second for his alleged obstruction of justice, *see id.* § 3C1.1. The report recommended an upward adjustment of two points on each ground, *see id.* §§ 3B1.1(c), 3C1.1, for a total adjustment of four points. After adding these four points to Douglas's base offense level of thirty-four, and subtracting three points for Douglas's acceptance of responsibility, the report recommended a total offense level of thirty-five.

The court adopted the recommended enhancements over Douglas's objection. An offense level of thirty-five, combined with Douglas's category V criminal history, placed his Guidelines sentencing range between 262 and 327 months in prison. The court, however, went below the Guidelines range to sentence Douglas to the

statutory minimum of 240 months for his role in the drug conspiracy.

On appeal, Douglas argues that the district court erred in applying the leadership and obstruction of justice enhancements. We need not delve into the details of his arguments, however, because even assuming that there were errors, there is nothing we could do to change the imposed sentence, which the court rendered pursuant to a statutory minimum. Under these facts, any potential error was harmless.

Because Douglas had a prior felony drug conviction in Illinois state court, 240 months was the minimum prison sentence permitted by statute. *See* 21 U.S.C. § 841(b)(1)(A) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ."). As we have stated, "[a]djustments . . . matter to the Guidelines' sentencing range but do not affect statutory minimum sentences." *United States v. Rivera*, 411 F.3d 864, 866 (7th Cir. 2005). Thus, even if we were to remand for resentencing based on an error in calculating the Guidelines range, the statutory minimum would still control, meaning that Douglas's new sentence could not possibly be less than his first. *See id.*; *see also* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

Any error, therefore, would be harmless by definition, a fact that we have recognized repeatedly. *See, e.g.*, *Rivera*, 411 F.3d at 867 ("*Booker* does not confer on district judges any discretion to give sentences below statutory floors. Any error the district judge may have made in resolving factual disputes in order to apply the Guidelines was harmless."); *United States v. Giacometti*, 28 F.3d 698, 704 (7th Cir. 1994) ("In certain cases we know the error is harmless: when, for example, the district court . . . erred on the high side but the sentence could not have been any lower because of a statutory minimum."); *United States v. Kozinski*, 16 F.3d 795, 812 (7th Cir. 1994) (finding a sentencing error harmless and refusing to remand for resentencing when "the district court was obligated to impose the sentence it did"); *see also United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005) ("Nothing in *Booker* gives a judge any discretion to disregard a mandatory minimum, so there [is] no need to speculate about prejudice."). This outcome renders superfluous any further analysis of Douglas's attack on his conspiracy sentence.

We next turn to Douglas's challenge to his eighteen-month prison sentence for violating the terms of his supervised release. This argument borders on frivolity, and we reject it out of hand. Douglas does not argue that the district court miscalculated the appropriate Guidelines range, which was eighteen to twenty-four months. *See* U.S.S.G. § 7B1.4. Nor does he suggest that the two sentences were not to run consecutively. *See id.* § 7B1.3(f). In fact, aside from the heading in his brief, he does not appear to contest the eighteen-month portion of his sentence at all.

Instead, he focuses on a comment made in passing by the district judge after handing down both sentences: "[The combined sentence of 258 months] is actually less than the bottom of the guideline range on the original sentence [of 262 months on the conspiracy charge alone]." Douglas tries to cloak this statement in procedural robes, which would trigger *de novo* review. *See United States v. Mendoza*, 510 F.3d 749, 754 (7th Cir. 2007). But the court's commentary was more a mathematical truism—akin to one plus one is less than five—than a rung in the ladder of sentencing procedure. Simply characterizing the statement one way or another does not change its nature.

In essence, Douglas's challenge, ostensibly to the "procedure" used to sentence him for violating the terms of his supervised release, is an attempt at backdoor review of the conspiracy sentence. If the district court had correctly calculated the Guidelines range on the conspiracy charge, Douglas argues, the aforementioned statement would have been incorrect. But we have already discarded Douglas's challenge to the conspiracy sentence. Douglas's nonexistent "challenge" to the eighteen-month sentence fails.[1]

Douglas's sentence is AFFIRMED.

---

[1] For purposes of argument preservation, Douglas also contends that his sentence violated the Sixth Amendment, a claim that he concedes has been resolved by the Supreme Court. *See Almendarez-Torrez v. United States*, 523 U.S. 224 (1998).