NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 8, 2014
Decided April 10, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-3434

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:13CR00062–01 |
| DAVID A. ROEHL, *Defendant-Appellant.* | Barbara B. Crabb, *Judge*. |

### O R D E R

While on probation in Wisconsin for possessing child pornography in violation of state law, David Roehl was caught using a computer, which was prohibited by the conditions of his release. Authorities searched the computer and found hundreds of images of child pornography. Roehl's state probation was revoked, and he was charged in federal court with possessing visual images depicting, and produced using, minors engaged in sexually explicit conduct. *See* 18 U.S.C. § 2252(a)(4).

Roehl pleaded guilty, and at sentencing the district court calculated a guidelines imprisonment range of 130 to 162 months based on a total offense level of 28 and criminal-history category of V. But the court, guided by U.S.S.G. § 5K2.0(b)(2), accepted

Roehl's argument that the offense level is exaggerated by the 2-level upward adjustment he received under U.S.S.G. § 2G2.2(b)(6) for using a computer, since most child pornography crimes involve use of a computer. Without that increase, Roehl's imprisonment range would have been 120 to 137 months (the statutory minimum is 10 years because Roehl previously was convicted in Wisconsin of possessing child pornography, *see* 18 U.S.C. § 2252(b)(2) (2006); WIS. STAT. § 948.12; *United States v. Osborne*, 551 F.3d 718, 721 (7th Cir. 2009)). The district court sentenced him to 120 months to run consecutively to his undischarged term of imprisonment in Wisconsin.

Roehl filed a notice of appeal, but his newly appointed attorney has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Roehl has not responded to counsel's submission. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that this kind of case might be expected to involve. Because this analysis appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). Roehl has told his attorney that he does not want his guilty plea set aside, so counsel properly omits discussion about the adequacy of the plea colloquy and the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel has not identified any basis to disturb the district court's application of the sentencing guidelines. That leaves only the possibility of challenging the reasonableness of Roehl's prison sentence, but counsel properly concludes that any argument would be frivolous. Ten years is the statutory minimum, *see* 18 U.S.C. § 2252(b)(2), and the district court lacked the authority to give him less, *see United States v. Zuno*, 731 F.3d 718, 724 (7th Cir. 2013) ("A district court lacks discretion to impose a sentence below the statutory mandatory minimum."); *United States v. Douglas*, 569 F.3d 635, 636 (7th Cir. 2009) (same). Furthermore, a challenge to the consecutive nature of the sentence would be frivolous since the guidelines recommend that a consecutive sentence be imposed when the defendant was on probation at the time of the offense, *see* U.S.S.G. § 5G1.3(c) cmt. n.3(C); *United States v. Broadnax*, 536 F.3d 695, 702 (7th Cir. 2008), and Roehl's Wisconsin probation was revoked because of conduct reflected in the federal indictment.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.