**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 17, 2022
Decided June 22, 2022

**Before**

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-3165

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 20-CR-20017-001 |
| BRYAN ROSSI, *Defendant-Appellant.* | Michael M. Mihm, *Judge.* |

**O R D E R**

Bryan Rossi was convicted of attempting to entice a minor to engage in criminal sexual conduct, 18 U.S.C. § 2422(b), and sentenced to ten years in prison and five years' supervised release. He appealed, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and the issues an appeal of this kind would involve. Because counsel's brief appears thorough, we limit our review to the potential issues discussed in the brief and those that Rossi raises in his response under Circuit Rule 51(b). *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Rossi was arrested in 2020 after using a dating app to arrange a sexual encounter with a 15-year-old boy. Rossi had a sexually explicit online conversation with the teen—actually an undercover federal agent—in which he requested sexual images after learning the boy was underage, then agreed to accept gas money and travel to the teen's home for sex. When he arrived at the house at the prearranged time, Rossi was arrested and charged under § 2422(b) with attempting to entice a minor to engage in sexual activity made criminal by 720 ILCS 5/11-1/60(d). Rossi went to trial.

The government filed several pretrial motions in limine. Rossi objected only to the use of statements he made in his post-arrest interview, during which he admitted that he believed he was talking to a minor, but said he would not have had sex with an actual child. The court deferred ruling until trial. Twice before trial, Rossi affirmatively waived defenses based on entrapment, though he planned to argue that the purported minor's apparent consent negated his criminal intent.

During a two-day trial, the jury heard from FBI agents, including the one who had posed as the minor online. This agent testified that after Rossi was told he was speaking to someone who was "almost 16," he asked for "sexy pics" and offered to drive to the teen's house if he received $20 for gas. The jury also heard audio excerpts of Rossi's post-arrest interview after the court found the statements admissible over Rossi's objection. (Rossi argued they were irrelevant, but the court ruled that they were probative of his state of mind.) At the close of the government's case in chief, Rossi moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29(a). The court summarily denied the motion. Rossi did not present a defense.

The government submitted proposed jury instructions, most of them from this circuit's pattern instructions and a few based on our published decisions. Rossi objected to two of the government's proposed non-pattern instructions, 21 and 25, which respectively stated: "It is not required for the government to prove that the defendant intended to engage in sexual activity with the minor," and "The minor's willingness to engage in sexual activity is irrelevant because, by law, a minor is unable to consent to sexual activity." He also suggested adding language to the government's proposed instruction 18, setting forth the elements of the offense, that would define the terms "persuade," "induce," and "entice," and state that "[m]erely arranging an encounter does not meet the requirements of the law." The court refused these changes, explaining that the jury must deliberate on the unadorned statutory terms. The jury found Rossi guilty. He did not move for a judgment of acquittal or a new trial. FED. R. CRIM. P. 29(c), (d).

Rossi did not object to the presentence investigation report, which calculated a criminal history category of I and a total offense level of 30 under the Sentencing Guidelines, which included two additional levels for Rossi's use of a computer. *See* U.S.S.G. §§ 2G1.3(a)(3), (b)(3)(A) & (B). The guidelines range was thus 97 to 121 months, adjusted to 120 to 121 months because of the statutory minimum. *See* § 2422(b); U.S.S.G. § 5G1.1(b); Sent'g Table. Rossi did not address the court at the sentencing hearing. The court adopted the PSR and discussed Rossi's mental health history, achievements and aspirations, and good employment record. It sentenced him to 120–months in prison and five years' supervised release, each the statutory minimum term. *See* § 2422(b); 18 U.S.C. § 3583(k).

In her *Anders* brief, counsel first correctly concludes that Rossi could not raise a nonfrivolous challenge to the court's admission of excerpts from his post-arrest interview in which he said he went to the minor's house only "for the gas money" and would not have had sex with a child. Rossi argued the statements were irrelevant because he conceded that he was speaking with someone under 18 years old. But he could not show that the court overstepped its discretion by concluding Rossi's post-arrest statements were relevant to the knowledge element of the offense. § 2422(b); *United States v. Beavers*, 756 F.3d 1044, 1052 (7th Cir. 2014).

We also agree with counsel that Rossi could not raise a nonfrivolous challenge to the sufficiency of the evidence to convict him. The court denied his in-trial Rule 29(a) motion for a judgment of acquittal based on insufficiency of the evidence, and Rossi did not renew that motion under Rule 29(c) after the verdict. As a result, Rossi would have to show on appeal that his conviction was a manifest miscarriage of justice. *See United States v. Chaparro*, 956 F.3d 462, 468 (7th Cir. 2020). He would be unable to do so because the jury received sufficient uncontested evidence that Rossi requested explicit images of a minor, arranged a sexual encounter, then traveled to meet the minor for sex that would have been criminal under state law. *See* § 2422(b); 720 ILCS 5/11-1/60(d). Although Rossi wishes to argue that he was improperly prevented from raising an entrapment defense, he affirmatively waived any defense based on entrapment both in his response to the government's trial brief and orally at a pretrial hearing.

Counsel next reviews Rossi's preserved objections to the jury instructions and concludes that it would be frivolous to pursue them on appeal. We would review the district court's decision to give or refuse to give a jury instruction for abuse of discretion. *See United States v. Hidalgo-Sanchez*, 29 F.4th 915, 929 (7th Cir. 2022). First, we would be unable to find error in the decision not to define the terms "persuades," "induces,"

"entices" and "coerces" as Rossi proposed. Rossi relied on *United States v. Clarke*, 842 F.3d 288 (4th Cir. 2016), for his definitions, but in that case, as here, the district court ruled that the jury should apply the ordinary meanings of the terms. *See id.* at 296–97. And we have already rejected vagueness challenges to § 2422(b), explaining that Congress intended the factfinder to consider the specific nature of the defendant's efforts to persuade the minor. *United States v. McMillan*, 744 F.3d 1033, 1036 (7th Cir. 2014).

Counsel also correctly concludes that the district court appropriately declined Rossi's proposed addition to the same instruction: "Merely arranging an encounter does not meet the requirements of the law." True, "speech alone" is not a substantial step in an attempt to entice. *United States v. Chambers*, 642 F.3d 588, 594 (7th Cir. 2011). But specific intent to engage in sexual activity can be proven by a "a face-to-face meeting in the course of a grooming process," particularly—as here—when preceded by requests for explicit images and an exchange of value. *See United States v. Berg*, 640 F.3d 239, 246–47 (7th Cir. 2011)).

Second, we agree with counsel that the district court did not abuse its discretion by overruling Rossi's objections to two other instructions because they were correct statements of the law. *See United States v. Bloom*, 846 F.3d 243, 255 (7th Cir. 2017). Rossi sought to strike the instructions: "It is not required for the government to prove that the defendant intended to engage in sexual activity with the minor" and "The minor's willingness to engage in sexual activity is irrelevant because, by law, a minor is unable to consent to sexual activity." But we have held that § 2422(b) criminalizes procuring a minor's assent to sexual activity, not engaging in sexual activity, and the legal age of consent in Illinois is 17 years old. *See* 720 ILCS 5/11-1.70(b); *Berg*, 640 F.3d at 243, 250. It was therefore reasonable for the court to conclude that these instructions would aid the jury.

Rossi's response proposes appellate challenges to two other jury instructions, but his counsel approved those instructions after discussion on the record, thereby waiving further challenges to them. *See United States v. Hicks*, 15 F.4th 814, 816 (7th Cir. 2021).

Turning to sentencing, counsel advises us that Rossi could make no nonfrivolous argument that his sentence was the result of procedural error. Rossi did not object to the PSR, and so we would review for plain error. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Rossi has no grounds for challenging the base offense level of 28 or the two-level increase for using a computer as incorrect. *See* U.S.S.G. §§ 2G1.3(a)(3); (b)(3)(A) and (B). And the court correctly adjusted the guidelines range to incorporate the statutory minimum term of imprisonment. *See* § 3583(k); U.S.S.G. § 5G1.1(b). The court also

properly acknowledged the statutory and guidelines ranges of supervised release for Rossi's offense—five years to life—and exercised its discretion not to impose a longer term. *See United States v. Gibbs*, 578 F.3d 694, 695 (7th Cir. 2009) (failing to compare statutory and guidelines ranges for supervised release may be procedural error).

Finally, counsel correctly concludes that it would be pointless for Rossi to challenge the substantive reasonableness of his sentence. On appeal, we would presume that his prison and supervised-release terms, which are within the applicable guidelines ranges, are reasonable. *See United States v. Major*, 33 F.4th 370, 384 (7th Cir. 2022) (prison term), *United States v. Oliver*, 873 F.3d 601, 610–11 (7th Cir. 2017) (supervised release). The court lacked discretion to impose a sentence below the statutory minimum. *See United States v. Douglas*, 569 F.3d 635, 636 (7th Cir. 2009). And the court imposed the minimum following a discussion consistent with the factors under 18 U.S.C. § 3553(a)(1)—especially Rossi's achievements, aspirations for the future, and other personal characteristics. *See Major*, 33 F.4th at 380.

We GRANT counsel's motion to withdraw and DISMISS the appeal.