**UNITED STATES of America,**
**Appellee,**

v.

**Eddie PRESSLEY, also known as Cheeb, also known as Fat Head, also known as Big Head, Defendant–Appellant.**

**Docket Nos. 05–2487–cr(L), 05–2741–cr(CON), 05–3183–cr(CON), 05–3671–cr(CON).**

United States Court of Appeals, Second Circuit.

Argued: Oct. 27, 2006.

Decided: Nov. 14, 2006.

Devin McLaughlin, Langrock Sperry & Wool LLP, Middlebury, VT, for Defendant–Appellant.

Morris J. Fodeman, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Before: CARDAMONE, WALKER, JR., and STRAUB, Circuit Judges.

PER CURIAM:

Defendant–Appellant Eddie Pressley appeals from a judgment of the District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*), sentencing him in relevant part to 292 months' imprisonment upon a plea of guilty to one count of conspiracy to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A)(i), 846. Although Pressley allocuted to conspiring to distribute more than one kilogram of heroin, he now contends that the District Court committed an error of law in attributing that drug quantity to him for the purposes of § 841(b)'s penalty provisions. Those provisions establish a gradation of mandatory minima and maxima according to drug quantity.

Pressley urges that the District Court erred by aggregating all of the heroin transactions attributable to him throughout the conspiracy in order to meet § 841(b)(1)(A)(i)'s one-kilogram threshold, which triggers a mandatory minimum of 120 months' imprisonment and a maximum of life. He claims that § 841(b) requires a court to sentence only on the basis of any single transaction—presumably the largest—that occurred during the conspiracy. Since all of the transactions in which Pressley engaged involved less than one kilogram of heroin, he maintains that his

sentence is governed by § 841(b)(1)(C). That provision, which applies to heroin offenses involving less than a kilogram, provides for no mandatory minimum and a maximum of 240 months' imprisonment, or 52 months less than Pressley received.

As set forth more fully below, we hold that for the purposes of 21 U.S.C. § 841(b), a conspiracy is "a violation" that "involv[es]" the aggregate quantity of narcotics attributable to the defendant throughout the entire conspiracy, even if that sum total was transacted in a series of smaller sales.[1]

## BACKGROUND

Over the course of 11 years, Pressley and several other co-defendants operated a violent crack and heroin distribution ring in and around the Gowanus Houses, which is a public housing complex in Brooklyn. In pleading guilty to conspiring to distribute and possess with intent to distribute heroin, Pressley specifically admitted that over the course of the conspiracy, he was responsible for the distribution of more than one kilogram of heroin. Moreover, the evidence adduced at the trial of one of Pressley's co-defendants established that members of the conspiracy distributed several kilograms of heroin annually. On appeal, Pressley continues to concede "that the total quantity of [heroin] attributable to him over the eleven-year conspiracy exceeded" one kilogram. Nevertheless, he maintains that neither he nor the other members of the conspiracy possessed or transacted one kilogram of heroin on any single occasion. He contends that he and his coconspirators consistently trafficked in street-level amounts, and that only "because of the duration of the conspiracy and the frequency of [these smaller] sales," he

1. Because we reject Pressley's arguments as to 21 U.S.C. § 841(b), we also reject his ineffective assistance of counsel claim, which is premised upon the correctness of his statutory argument.

became responsible, in the aggregate, for more than one kilogram of heroin.

At sentencing, the District Court focused on the aggregate amount of heroin attributable to Pressley throughout the 11–year conspiracy, rather than any discrete transaction. As a result, the District Court believed that 21 U.S.C. § 841(b)(1)(A)(i) governed Pressley's sentence. That section applies to narcotics offenses involving, *inter alia,* one or more kilograms of heroin, and provides for a mandatory minimum of 10 years' imprisonment and a maximum of life.

Given the even larger quantities of drugs that Pressley actually sold, according to the Pre–Sentence Report, and his leadership role in the conspiracy, the United States Sentencing Guidelines recommended a range of 292 to 365 months' imprisonment. The District Court sentenced Pressley to the low end of that range.

Pressley now maintains that § 841(b) does not permit the sentencing court to aggregate the amount of drugs attributable to him via the thousands of sales that occurred throughout the course of the conspiracy. He urges that the statute requires a court to sentence only on the basis of a quantity possessed or distributed at any one time during the conspiracy. Applying this theory to his case, he contends that his sentence is governed by 21 U.S.C. § 841(b)(1)(C), which applies to heroin offenses involving less than one kilogram. That section provides for a maximum penalty of 20 years' imprisonment— 52 months less than he received.

## DISCUSSION

■ We review the District Court's interpretation of 21 U.S.C. § 841(b)(1)(A) *de novo. United States v. Rowe,* 414 F.3d 271, 276 (2d Cir.2005). That subsection provides that, "In the case of *a violation* of

subsection (a) of this section *involving . . .* (i) 1 kilogram or more of a mixture or substance containing a detectable amount of heroin . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." (emphases added).

Pressley focuses his argument on the singular language of the statute. Because § 841(b)(1)(A) specifically references "a violation" of the narcotics laws, Pressley contends that the aggregation of multiple transactions—each of which he characterizes as a distinct violation—contravenes the statute. He notes that in the context of multiple substantive offenses, as opposed to conspiratorial crimes, we have remarked that § 841(b) disallows the aggregation of drug quantity. He further points out that Congress enacted the graduated penalties codified at 21 U.S.C. § 841(b) in order to punish "major drug traffickers" or "kingpins," as opposed to street-level dealers such as himself—even if those street-level dealers exhibit remarkable longevity and engage in consistently brisk business.

■ We reject Pressley's view of the statute because it rests on a mistaken notion of conspiratorial liability. Simply put, a conspiracy *is* a single violation. It is an illegal agreement that may, and often does, encompass an array of substantive illegal acts carried out in furtherance of the overall scheme. *United States v. Broce,* 488 U.S. 563, 570–71, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) ("A single agreement to commit several crimes constitutes one conspiracy."); *Braverman v. United States,* 317 U.S. 49, 53–54, 63 S.Ct. 99, 87 L.Ed. 23 (1942). Within the context of a conspiracy to distribute large amounts of narcotics, these subsidiary crimes may take the form of a series of smaller drug sales.

Because a conspiracy is a single, unified offense, it constitutes "a violation" for the purposes of § 841(b). Further, with respect to sentencing any given member of the conspiracy pursuant to § 841(b), the violation "involv[es]" the aggregate quantity of all the subsidiary transactions attributable to that particular member. *United States v. Gori,* 324 F.3d 234, 237 (3d Cir. 2003) (holding that § 841(b) allows the aggregation of drug transactions occurring throughout a conspiracy); *United States v. Walker,* 160 F.3d 1078, 1093 (6th Cir.1998) (same); *see also United States v. Santos,* 195 F.3d 549, 551 n. 5 (10th Cir.1999) (same), *abrogated on other grounds by United States v. Jones,* 235 F.3d 1231 (10th Cir.2000); *United States v. Tutino,* 883 F.2d 1125, 1141 (2d Cir.1989) (holding that aggregation of narcotics amounts across multiple transactions is permissible so long as the transactions form part of "single continuing scheme").

Given the conceptual distinction between conspiratorial and substantive liability, outlined above, we see no conflict between our holding today and our remark in *United States v. Harrison,* 241 F.3d 289 (2d Cir.2001), where we noted that § 841(b) does "not call for aggregation of the drug quantities in the two *substantive* counts." *Id.* at 291 (emphasis added). Further, we do not believe that the result in this case conflicts with the congressional intent behind 21 U.S.C. §§ 841(b), 846. We have interpreted § 846, which provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the [substantive] offense," as reflecting an effort by Congress to "synchronize" the penalties for a conspiracy and its object. *United States v. Martinez,* 987 F.2d 920, 925 (2d Cir.1993). We do not, however, deduce from § 846 any effort to insulate drug conspirators from the long-standing rule

treating a conspiracy as a single, unified violation. *See United States v. Pruitt,* 156 F.3d 638, 644 (6th Cir.1998).

Regarding § 841(b), it is true that in enacting the Narcotics Penalties and Enforcement Act of 1986, of which the present version of § 841(b) was one component, Congress sought to target "major traffickers, the manufacturers or heads of organizations, who are responsible for creating and delivering very large quantities of drugs." H.R.Rep. No. 99–845 (1986). Yet Congress also sought to target self-styled retailers such as Pressley. The House Judiciary Committee Report specifically included within its "focus" those "managers of the retail level traffic, the person who is filling the bags of heroin, packaging crack into vials or wrapping PCP in aluminum foil, and doing so in substantial street quantities. The Committee is calling such traffickers serious traffickers because they keep the street markets going." *Id.*

We note that general principles of conspiratorial liability will continue to limit the exposure of low-level dealers who do not initially agree to transact large quantities of narcotics, or to whom such quantities are not reasonably foreseeable. *United States v. Adams,* 448 F.3d 492, 499–500 (2d Cir.2006) (noting that for the purposes of §§ 841, 846, "we require proof that … drug type and quantity were at least reasonably foreseeable to the co-conspirator defendant"); *cf. United States v. Studley,* 47 F.3d 569, 574–75 (2d Cir.1995) (holding that in order to sentence a defendant on the basis of coconspirator conduct pursuant to the Guidelines, the court must find that the conduct was within the scope of the criminal activity to which the defendant agreed and was reasonably foreseeable to the defendant).

Accordingly, in determining the quantity of narcotics "involv[ed]" with Pressley's conspiracy for the purposes of 21 U.S.C. § 841(b), the District Court properly aggregated all the drug transactions attributable to him throughout the entire 11–year scheme.

## CONCLUSION

For the reasons set forth above, the judgment of the District Court is AFFIRMED.