**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 30, 2008
Decided February 12, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 07-2313

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois |
| v. | No. 3:06CR30046-002 DRH |
| ORAND L. COLLINS, *Defendant-Appellant*. | David R. Herndon *Chief Judge*. |

**O R D E R**

Orand Collins pleaded guilty to one count of conspiracy to possess and distribute crack and one count of possession of crack with intent to distribute. *See* 21 U.S.C. §§ 846, 841(a)(1). The district court concluded that the first count carried a mandatory minimum sentence of ten years and the second count a mandatory minimum of five years. But the court granted the government's motion for a five-year sentence based on substantial assistance, *see* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1, and sentenced him to two concurrent terms of 60 months' imprisonment. Collins appeals. Because we conclude that his appeal is foreclosed by an appeal waiver Collins executed as part of his signed plea agreement with the government, we affirm.

Collins stipulated that the following facts occurred and would be proven at a trial. On November 28, 2005, Collins was arrested by DEA agents after trying to deliver crack to an informant. The informant had negotiated with Collins's co-defendant, Ron Lott, to purchase an ounce of crack. Lott had driven Collins to the informant's apartment but stayed in the car and sent Collins to the door to complete the sale. However, the informant did not know Collins and refused to open the door. On his way back to the car with the undelivered crack, Collins was stopped by the DEA agents. Collins had an ounce of crack in his pocket and admitted his connection with Lott. Shortly after his arrest, Collins told agents that he had delivered smaller amounts of crack for Lott on multiple occasions in the past, for a total of about 2 ounces (or 56 grams). At his detention hearing, Collins indicated that he had known Lott for just a month or two prior to the November 28 incident.

The indictment charged Collins and Lott with conspiring "[o]n or about November 28, 2005" to distribute cocaine base, and also charged Collins with possession with intent to distribute. Collins and the government entered into a plea agreement. That agreement includes a clear appeal waiver which states:

> [T]he Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.

The plea agreement memorializes the parties' understanding that Collins was subject to a statutory minimum of five years on each of the two counts. The parties also agreed that Collins would be held accountable for a total of 56 grams of crack as relevant conduct. They projected in the plea agreement that Collins's sentencing range under the guidelines would likely be 78 to 97 months.[1] During the plea hearing, the court stated that Collins would be subject to a five-year mandatory minimum sentence, with the possibility of a lower sentence if he provided substantial assistance to the government. The court informed Collins that his plea agreement did not constitute a guarantee of any particular sentence and that his ultimate sentence would be determined by the court. The court also asked Collins if he understood that he was giving up his right to appeal a sentence within the advisory

---

[1] As it turned out, the PSR recommended a guidelines range of 63 to 78 months, because it determined that Collins was entitled to an additional 2-level role-in-the-offense reduction.

guidelines range, but not one above that range, and Collins stated that he understood.

Apparently to everyone's surprise, the probation officer who prepared the PSR concluded that a ten-year, not a five-year, mandatory minimum applied to the conspiracy count. The probation officer reasoned that 50 grams of crack triggered a ten-year minimum, and Collins admittedly delivered more than that amount for Lott over a short period of time. *See* 21 U.S.C. § 841(b)(1)(A)(iii). Collins objected, maintaining that a five-year minimum for both counts was correct. In his written objection and at the sentencing hearing, Collins argued that the indictment limited the term of the conspiracy to the period "on or about November 28, 2005," and therefore that the crack he delivered for Lott prior to that day was not part of the offense conduct encompassed by the charged conspiracy. Collins argued that the district court should distinguish between "offense conduct" and "relevant conduct" for the purpose of sentencing because of the narrow wording in the indictment. Relevant conduct is defined more loosely as acts of possession or sale "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Collins contended that the "possible temporal break" between the past drug deals and the one that led to his conviction prevented them from being considered part of the same offense for purposes of sentencing.

The district court overruled Collins's objection, concluding that the earlier drug sales did constitute part of the charged conspiracy. The court pointed out that the factual stipulation acknowledged that the prior drug deals constituted relevant conduct. The court reasoned that if there was a "temporal break" between the drug sales, then the earlier sales should not have been included as relevant conduct; but since the parties acknowledged that they were relevant conduct, there could not have been a temporal break. The court also noted that the acts forming the conspiracy need not have occurred on November 28, despite the language in the indictment. The court then gave Collins the opportunity to withdraw his guilty pleas in light of the parties' mistake about the mandatory minimum on the conspiracy count, but Collins stated that he did not wish to withdraw his pleas. The government moved for a sentence reduction to 60 months based on the substantial assistance Collins provided by turning over the drugs immediately, making the post-arrest statement, and providing valuable information about Lott. The district court sentenced Collins to 60 months' imprisonment on each count, to be served concurrently.

On appeal Collins argues that the district court erred in concluding that he was subject to a ten-year statutory minimum on the conspiracy count. Collins maintains that the actual minimum sentence was five years and that only the 25.5 grams he possessed on November 28 could be used in applying the minimum term for that count under § 841(b). *See United States v. Rodriguez*, 67 F.3d 1312, 1324

(7th Cir. 1995) (noting that statute setting mandatory minimum looks "only to the conduct which actually resulted in a conviction under that statute").

Collins faces a threshold problem in the form of his appeal waiver because we will enforce waivers if they are made knowingly and voluntarily. *See United States v. Sura*, No. 05-1478, 2007 U.S. App. LEXIS 28697, at *24 (7th Cir. Dec. 12, 2007); *United States v. Lockwood*, 416 F.3d 604, 607-608 (7th Cir. 2005). The issue Collins raises on appeal falls within the letter of the appeal waiver. Collins does not challenge the calculation of the applicable sentencing guidelines range or argue that his overall sentence is above that range (in fact, it is below the range). In his reply brief, Collins suggests that a new phrase should be read into his appeal waiver in order to interpret it in accordance with the parties' intention. According to Collins, the escape hatch that allows an appeal "if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater)" should be read instead to free him from the waiver "if the sentence imposed, *before a reduction for substantial assistance*, is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater)." But Collins's proposal does not reflect the reality of sentencing. He was sentenced just once. The court did not impose a sentence on the conspiracy count and then reduce it for substantial assistance and then impose it all over again.

In any event, even if the appeal waiver did not apply, we would affirm Collins's sentence. Collins contends that his prior crack deliveries were necessarily outside the scope of the "single day, single delivery conspiracy" on which his indictment and conviction purportedly are based. But it is well-established that a drug conspiracy may encompass a series of drug transactions. *See United States v. Broce*, 488 U.S. 563, 570-571 (1989); *United States v. Magana*, 118 F.3d 1173, 1190 (7th Cir. 1997). These transactions may be aggregated when calculating the mandatory minimum under 21 U.S.C. § 841(b) because they are part of a single, united offense. *See United States v. Pressley*, 469 F.3d 63, 66 (2d Cir. 2006); *United States v. Gori*, 324 F.3d 234, 237 (3d Cir. 2003). The drug quantity that is material to the minimum sentence in a conspiracy case is the amount arising from all criminal acts within the scope of the conspiracy and foreseeable to a defendant. *United States v. Rivera*, 411 F.3d 864, 866 (7th Cir. 2005). And that quantity is not an element of the offense and therefore need not be charged in the indictment. *See United States v. Lewis*, 110 F.3d 417, 423 (7th Cir. 1997). In addition, the events leading to conviction need not occur at exactly the time specified in the indictment. *See United States v. Ross*, 412 F.3d 771, 774 (7th Cir. 2005); *United States v. Leibowitz*, 857 F.2d 373, 379 (7th Cir. 1988) ("[W]hen the indictment uses the 'on or about' designation, proof of a date reasonably near to the specified date is sufficient."). In this case, it is clear from Collins's own testimony at his detention hearing that the prior drug sales occurred within two

months of the November 28 incident.  *See United States v. Synowiec*, 333 F.3d 786, 790-91 (7th Cir. 2003) (noting that conviction for bribery could be affirmed on basis of event that occurred one month after "on or about" date alleged in indictment); *United States v. Folks*, 236 F.3d 384, 391 (7th Cir. 2001) (affirming § 841 conviction on basis of activity that occurred almost two months before "on or about" date alleged in indictment).

*United States v. Darmand*, 3 F.3d 1578 (2d Cir. 1993), provides the strongest support for Collins's position.  In *Darmand*, the defendant was sentenced to a statutory minimum sentence of ten years under 21 U.S.C. § 841(b) after pleading guilty.  Darmand was charged with conspiracy after he sold crack to an undercover officer one day in February.  The drug quantity used to determine his minimum sentence, however, included drugs that he was found possessing during a raid the previous November.  The Second Circuit reversed, concluding that the district court should not have used the November drug quantity in calculating the mandatory minimum sentence because the court had found that Darmand possessed less than five grams of cocaine in connection with the February conspiracy charge.  3 F.3d at 1579.  In the instant case, however, the district court did conclude that the prior drug sales were related to the offense leading to Collins's conviction.  And *Darmand* is overshadowed by our opinion in *Lewis*, where the district court included quantities of crack cocaine from two drug sales besides the one cited in the indictment to arrive at a mandatory minimum sentence of 50 years' imprisonment on the conspiracy charge.

AFFIRMED.