13-54-cr(L)
*United States v. Gilliam*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

     At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand fourteen.

PRESENT:    RALPH K. WINTER,
                JOHN M. WALKER, JR.,
                JOSÉ A. CABRANES,
                      *Circuit Judges.*

---

UNITED STATES OF AMERICA,

     *Appellee,*

       v.                        No. 13-54-cr(L)
                               No. 13-875-cr(CON)
ANTHONY GILLIAM, AKA FLAC, JOSEPH REYES,    No. 13-948-cr(CON)
AKA FAT JOE, AKA RJ, RICHARD DANIELS, AKA WAP,    No. 13-1093-cr(CON)
AKA PO, STEFAN WINSTON, AKA CUDA, AKA POOH,

     *Defendants-Appellants,*

LAKESHA BOWLES, RALPH CORA, AKA PETEY,
AKA PITO, RAQIESHA DAVIS, AKA BROOKLYN,
SAMANTHA FOGLE, PETER JOHNSON, JUAN NIEVES,
ALEXIS RAMOS, AKA SNAKE RATTLE, ERNEST
WILLIAMSON, AKA TWIN, AKA HARLEM, JONATHAN
WILLIAMSON, AKA RUE, ANGEL MILLAN, AKA STONEY,

     *Defendants.*[*]

---

    [*] The Clerk of Court is directed to amend the official caption in this case to conform with the caption above.

| | |
|---|---|
| **FOR ANTHONY GILLIAM:** | Dan E. LaBelle, Halloran & Sage, LLP, Westport, CT. |
| **FOR JOSEPH REYES:** | ROBERT J. SULLIVAN, JR., Westport, CT. |
| **FOR RICHARD DANIELS:** | ROBERT F. KAPPES (John Thomas Walkley, Milford, CT, *on the brief*), Silvester & Kappes, New London, CT. |
| **FOR STEFAN WINSTON:** | JAMES E. SWAINE, Hamden, CT. |
| **FOR UNITED STATES OF AMERICA:** | TRACY L. DAYTON (Douglas P. Morabito, Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, Bridgeport, CT. |

Appeal from judgments of conviction of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court are **AFFIRMED**.

Defendants Joseph Reyes and Richard Daniels appeal from the District Court's March 6, 2013 judgments of conviction, after a jury trial, for conspiracy to possess with intent to distribute one kilogram or more of heroin and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and conspiracy to maintain a drug-involved premises within 1,000 feet of a public housing facility, in violation of 21 U.S.C. §§ 846 and 860, and sentencing them principally to 300 months' imprisonment and 228 months' imprisonment, respectively.[1] Defendant Stefan Winston appeals from the District Court's February 20, 2013 judgment of conviction, after a guilty plea, for conspiracy to possess with intent to distribute one kilogram or more of heroin and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and sentencing him principally to 165 months' imprisonment. Counsel for defendant Anthony Gilliam moves to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the Government moves to dismiss Gilliam's appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I. *Anders* Motion

On March 29, 2012, Gilliam entered a written plea agreement pursuant to which he agreed "not to appeal or collaterally attack in any proceeding . . . the conviction or sentence imposed by the

---

[1] Reyes was also convicted of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922 (g)(1) and 924(a)(2), but does not contest that count on appeal.

Court if that sentence does not exceed 96 months, a one-year term of supervised release, and $100,000 fine." We agree with Gilliam's counsel and the Government that there is no non-frivolous argument why this waiver should not be enforced, and Gilliam has not sought new counsel or filed a *pro se* response. Accordingly, we grant the *Anders* motion of Gilliam's counsel and the Government's motion to dismiss Gilliam's appeal.

## II. Sufficiency of the Evidence

"We review *de novo* a challenge to the sufficiency of the evidence." *United States v. Yannotti*, 541 F.3d 112, 120 (2d Cir. 2008). "A defendant challenging his conviction on sufficiency grounds faces a 'heavy burden.'" *United States v. Bala*, 236 F.3d 87, 93 (2d Cir. 2000) (quoting *United States v. Matthews*, 20 F.3d 538, 548 (2d Cir. 1994)). This is because the court must "review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004). We reverse "only if no rational factfinder could have found the crimes charged proved beyond a reasonable doubt." *Id.* at 459–60; *see generally Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Upon review of the record and relevant law, we conclude that the evidence was more than sufficient to support the convictions of Reyes and Daniels. At trial, six witnesses, including co-conspirators, drug suppliers, and drug buyers, testified to the existence of a vast narcotics distribution conspiracy operated and led by Reyes and Daniels. Furthermore, evidence from DEA agents, chemists, and cooperating witnesses supported the jury's finding that Reyes and Daniels knew, or reasonably foresaw, that the conspiracy, which spanned hundreds of transactions over several months, involved at least one kilogram of heroin and 280 grams of cocaine base. *See United States v. Pressley*, 469 F.3d 63, 65 (2d Cir. 2006) ("Within the context of a conspiracy to distribute large amounts of narcotics, these subsidiary crimes may take the form of a series of smaller drug sales."). Accordingly, in viewing the evidence "in its totality and in the light most favorable to the government," a rational jury could have found the essential elements of the charged conspiracy beyond a reasonable doubt. *United States v. Mandell*, 752 F.3d 544, 549 (2d Cir. 2014).

## III. Jury Instructions

Where, as here, a defendant does not object to a jury instruction at trial, we review only for plain error. *See* Fed. R. Crim. P. 30(d), 52(b). Under plain error review, "an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus*, 560 U.S. 258, 262 (2010).

Upon plain error review, we conclude that the District Court's jury instructions as to quantity were not in "error," much less "clear or obvious" error. *Id.* The jury instructions expressly stated that the Government had the burden of establishing the type and amount of drugs "beyond a reasonable doubt." The instructions made clear that the jury was to consider quantity only after "the first two elements have been established," and that "[a]s with any element of the charged conspiracy" the jury should not engage in guesswork or speculation. On this record, we cannot say that the instructions inadequately informed the jury that quantity was an element of the offense.

## IV. Defendants' Motion for a Mistrial

We review a district court's denial of a motion for a mistrial for abuse of discretion. *United States v. Rodriguez*, 587 F.3d 573, 583 (2d Cir. 2009). "The decision to declare a mistrial is left to the 'sound discretion' of the judge, but 'the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes.'" *Renico v. Lett*, 559 U.S. 766, 774 (2010).

We conclude that the District Court was well within its discretion in denying defendants' motion for a mistrial. The District Court quickly issued a curative instruction to the jury after the Government unintentionally elicited testimony regarding an incident in which Reyes discharged a handgun at a co-conspirator. The testimony was ordered stricken from the record, and, in view of the overwhelming evidence against defendants, there is no showing of prejudice. Accordingly, the District Court's denial of defendants' motion for a mistrial was not an abuse of discretion.

## V. Sentencing

We review criminal sentences for "reasonableness" under a deferential abuse-of-discretion standard. *United States v. Cavera*, 550 F.3d 180, 189–90 (2d Cir. 2008) (en banc). A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). "Determining drug quantity is a task for the sentencing court, and in performing that task it is not bound by jury findings or evidence presented at trial, but may consider any reliable proof." *United States v. Shonubi*, 998 F.2d 84, 89 (2d Cir. 1993) (internal citations omitted).

As stated above, ample evidence supported the jury's finding that Reyes and Daniels each knew, or reasonably foresaw, that the conspiracy involved one kilogram or more of heroin and 280 grams or more of cocaine base. Accordingly, the District Court properly calculated the quantity attributable each to Reyes and Daniels at sentencing.

The District Court also properly considered the factors set forth in 18 U.S.C. § 3553(a) in imposing Winston's below-guidelines sentence of 165 months' imprisonment. At sentencing, the District Court explicitly considered and rejected Winston's criminal history and sentencing parity arguments, emphasizing the nature of the offense and Winston's violent criminal history. The District Court was not required to "utter robotic incantations repeating each factor that motivates a sentence." *United States v. Park*, 758 F.3d 193, 197 (2d Cir. 2014) (internal quotation marks omitted).

## CONCLUSION

We have considered all of the arguments raised by defendants on appeal and find them to be without merit. For the reasons stated above, we **GRANT** the *Anders* motion of Gilliam's counsel to be relieved as counsel and the Government's motion to dismiss Gilliam's appeal, and **AFFIRM** the District Court's February 20, 2013 and March 6, 2013 judgments as to Reyes, Daniels, and Winston.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5