14-2801-cr
*United States of America v. Michael Smith*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand fifteen.

PRESENT:  CHESTER J. STRAUB,
                 RICHARD C. WESLEY,
                 DEBRA ANN LIVINGSTON,
                          *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                          *Appellee,*

          -v.-                                                        14-2801

MICHAEL SMITH,

                          *Defendant-Appellant.*

---

FOR APPELLANT:     DIANE POLAN, Polan & Simmons, LLC, New Haven, CT.

FOR APPELLEE:      S. DAVE VATTI, (Marc H. Silverman, *on the brief*), *for* Deirdre M. Daly, United States Attorney, District of Connecticut, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Robert N. Chatigny, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the district court is

**AFFIRMED.**

After a jury trial, Defendant Michael Smith was convicted of conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[1]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues for review.

Smith raises two challenges to his conspiracy conviction on appeal.  First, Smith argues that the district court erred in denying his Motion for Acquittal by ruling that there was sufficient evidence to support the jury's quantity attribution.  Whether sufficient evidence existed to support a conviction is

---

[1] The jury also convicted Smith of possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Smith does not challenge this conviction on appeal.

reviewed *de novo*. *United States v. Harvey*, 746 F.3d 87, 89 (2d Cir. 2014) (per curiam). However, the defendant "bears a heavy burden" because "we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *Id.* (internal quotation marks and citations omitted). "Following this review, we will sustain the jury's verdict if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

"When a defendant challenges the sufficiency of the evidence in a conspiracy case, deference to the jury's findings is especially important because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." *United States v. Santos*, 541 F.3d 63, 70 (2d Cir. 2008) (internal quotation marks and alteration omitted). "In a conspiracy punishable under 21 U.S.C. § 841(b)(1)(A), the government must . . . prove . . . that it was either known or reasonably foreseeable to the defendant that the conspiracy involved the drug

type and quantity charged." *Id.* at 70-71 (citing *United States v. Adams,* 448 F.3d 492, 499 (2d Cir. 2006)).[2]

Here, viewing the evidence in the light most favorable to the government, we conclude that the evidence was sufficient to support the jury's drug quantity attributions. At trial, FBI Special Agent Michael Zuk properly testified regarding the lexicon of the narcotics trade. *See United States v. Cruz*, 363 F.3d 187, 194 (2d Cir. 2004). The expert testimony provided the jury with ample background information to decipher the contents of the intercepted communications and to draw reasonable inferences of fact in light of the wiretap evidence, cooperating witness testimony, physical surveillance, and physical evidence proffered in support of the drug quantity attribution at trial. Given the evidence presented to the jury, the argument that the evidence was insufficient to show that Smith conspired to distribute 280 grams of cocaine base and 500 grams of cocaine is not persuasive.

Second, Smith argues that the district court erred in denying his motion to suppress wiretap evidence because the government exceeded the scope of permissible disclosure under 18 U.S.C. § 2517(2). "The standard of review for

---

[2] Each defendant in a 21 U.S.C. § 846 conspiracy is responsible for "the aggregate quantity of all the subsidiary transactions attributable to that particular member." *United States v. Pressley*, 469 F.3d 63, 66 (2d Cir. 2006) (per curiam).

4

evaluating the district court's ruling on a suppression motion is clear error as to the district court's factual findings, viewing the evidence in the light most favorable to the government, and *de novo* as to questions of law." *United States v. Rodriguez*, 356 F.3d 254, 257 (2d Cir. 2004).

In relevant part, Title III expressly provides that "[a]ny investigative or law enforcement officer who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire, oral, or electronic communication or evidence derived therefrom may use such contents to the extent such use is appropriate to the proper performance of his official duties." 18 U.S.C. § 2517(2). The authorization to use evidence obtained through Title III wiretaps clearly extends to federal prosecutors. *See* 18 U.S.C. § 2510(7) ("'Investigative or law enforcement officer' means . . . any attorney authorized by law to prosecute or participate in the prosecution of such offenses."). The question before this Court, therefore, is whether the prosecutor's comprehensive disclosure of pertinent wiretapping evidence across several different indictments is a use "appropriate to the proper performance of" a prosecutor's "official duties" under 18 U.S.C. § 2517(2).

We conclude that it is. A federal prosecutor has broad duties to disclose evidence to a defendant in a criminal case. The Federal Rules of Criminal Procedure provides that the government has a duty to disclose any document "within the government's possession" that is "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E). It is axiomatic that the government also has a duty to disclose any "evidence favorable to an accused" that is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Yet the government's duty to disclose is narrower in scope than what is appropriate for it to disclose. *See* Fed. R. Crim. P. 16(a)(1)(E) (establishing what the government "must" disclose, without establishing outer limits on what the government "may" disclose); *In Re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 124 (2d Cir. 2008) (Rule 16 "establishes base-line requirements for pretrial discovery in a criminal case.").

Incomplete disclosure of wiretap evidence can create information asymmetries between the government and the defendant. In the present case, the wiretap applications, affidavits, and communications in the underlying investigation did not conform to the boundaries later laid down in the indictments. Thus, the government's disclosure permitted each defendant to

understand the genesis of the entire investigation. In particular, this degree of disclosure enabled defendants to challenge the probable cause underlying wiretap applications, since these applications incorporated affidavits referencing material potentially relating to other indictments. This entirely legitimate purpose falls squarely within the plain text of 18 U.S.C. § 2517(2).

In light of the government's disclosure obligations and purposes, the government's approach was "appropriate to the proper performance of" a prosecutor's "official duties" in this case. 18 U.S.C. § 2517(2). Therefore, the district court did not err in denying the motion to suppress on this basis.

We have considered all of Smith's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk