*United States v. Pena*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

––––––––––––––––––––––––––––––––––––––

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                                    No. 19-2469

EDDY PENA,

> *Defendant-Appellant.*\*

––––––––––––––––––––––––––––––––––––––

––––––––––––––––––––––––––

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

For Defendant-Appellant: JEREMIAH DONOVAN, Law Offices of Jeremiah Donovan, Old Saybrook, CT.

For Appellee: GEOFFREY MICHAEL STONE (S. Dave Vatti, Sandra Slack Glover, *on the brief*), Assistant United States Attorneys, *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Eddy Pena appeals from his judgment of conviction, entered by the district court (Shea, *J.*) after Pena pleaded guilty to two counts of possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and after a jury found him guilty of one count of conspiring to distribute, and to possess with intent to distribute, a kilogram or more of heroin, in violation of 21 U.S.C. § 846. On appeal, Pena argues, for the first time, that the district court neglected to provide several required jury instructions and that his indictment was

constructively amended when the government introduced evidence about unindicted co-conspirators. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. Finding no error, we affirm the judgment below.

## *Standard of Review*

Because Pena did not raise in the district court the issues he now presses on appeal, we review for plain error. *See* Fed. R. Crim. P. 52(b). Under that standard, Pena must "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013) (internal quotation marks omitted); *see also United States v. Bastian*, 770 F.3d 212, 219 (2d Cir. 2014).

## *Analysis*

### A. Multiple-Conspiracies Jury Instruction

Pena first contends that the district court plainly erred by failing to instruct the jury that it could find Pena guilty of the charged conspiracy only if he was involved in a single conspiracy, as charged, rather than multiple conspiracies. We are not persuaded.

Although the question of whether a defendant engaged in a single conspiracy or multiple conspiracies is ordinarily a question of fact for a properly instructed jury, a defendant is "not entitled to a multiple conspiracy charge" when "only one conspiracy has been alleged and proved." *United States v. Maldonado-Rivera*, 922 F.2d 934, 962 (2d Cir. 1990) (internal quotation marks omitted); *accord United States v. Jones*, 965 F.3d 149, 163 (2d Cir. 2020). "[T]o prove a single conspiracy, the government must show that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal." *United States v. Geibel*, 369 F.3d 682, 689 (2d Cir. 2004) (internal quotation marks omitted). Even schemes involving "two or more phases or spheres of operation" may nevertheless amount to a single conspiracy, "so long as there is sufficient proof of mutual dependence and assistance" among the conspirators. *United States v. Berger*, 224 F.3d 107, 114–15 (2d Cir. 2000) (internal quotation marks omitted). And when the record "clearly show[s] only a single conspiracy," it does "not justify a multiple-conspiracy charge," even if the conspiracy happens to have "several interdependent phases." *Maldonado-Rivera*, 922 F.2d at 963.

The record here clearly demonstrates that Pena was involved in a single conspiracy. At all times, Pena purchased the same narcotic in bulk quantities

4

from Guatemalan suppliers, and organized the distribution of the controlled substance in the same general area in New England.   *See Berger*, 224 F.3d at 115 (considering overriding goal, overlap of leadership, and common participants as evidence that several schemes fell within same conspiracy).   Further linking the conspiracy together was Pena's partnership with Jacob Mena, who joined Pena's operation in the Spring of 2012 and remained by his side until the Summer of 2015.[2]   While the conspiracy underwent some "changes in membership[] [and] shifting emphases in the locale of operations," such changes – which were largely due to the arrest of co-conspirators or concern over police surveillance – did not "convert [the] single conspiracy into multiple conspiracies."   *Maldonado-Rivera*, 922 F.2d at 963.   Accordingly, Pena was not entitled to a multiple-conspiracies instruction.   *Id.*

But even if it could be argued that Pena was entitled to a multiple-conspiracy instruction, he has not established any prejudice from the instruction's omission since the common links between the schemes clearly provide "ample

---

[2] Indeed, these links between members and phases of the conspiracy clearly set this case apart from cases in which a single person forms the "hub" of several parallel but otherwise independent conspiracies.  *See Berger*, 224 F.3d at 115 (distinguishing *Kotteakos v. United States*, 328 U.S. 750 (1946)).

proof" for the jury "to find beyond a reasonable doubt that defendant was a member of the conspiracy charged in the indictment." *United States v. Vazquez*, 113 F.3d 383, 386 (2d Cir. 1997).

## B. Buyer-Seller Jury Instruction

Pena also contends that the district court clearly erred by failing to instruct the jury on the "buyer-seller exception." Again, we disagree.

Under the buyer-seller exception, the "mere purchase and sale of drugs does not, without more, amount to a conspiracy to distribute narcotics." *United States v. Brock*, 789 F.3d 60, 63 (2d Cir. 2015). This "narrow" exception to conspiracy liability ensures that defendants who purchase or sell controlled substances only for personal use do not face the "more severe punishments resulting from liability for conspiracy to distribute" narcotics. *United States v. Dove*, 884 F.3d 138, 151 (2d Cir. 2018).

But a district court need not instruct the jury on the buyer-seller exception where the evidence establishes "advanced planning among the alleged co-conspirators to deal in wholesale quantities of drugs obviously not intended for personal use." *United States v. Medina*, 944 F.2d 60, 65 (2d Cir. 1991). That is exactly what the evidence demonstrates in this case. For instance, Mena testified

6

at trial that Pena bought up to two kilograms of heroin every month for several months in the conspiracy, which Mena helped distribute, and that Pena sometimes sold as much as 50 grams every few days to a single customer. Therefore, the district court did not err in forgoing a buyer-seller instruction that no one requested.[3]

## C. Constructive Amendment of the Indictment

Finally, Pena argues that the government constructively amended his indictment when, during closing argument before the jury, the government summarized evidence introduced at trial about unindicted co-conspirators. Not so.

"An indictment has been constructively amended when the trial evidence or the jury charge operates to broaden the possible bases for conviction from that which appeared in the indictment." *United States v. McCourty*, 562 F.3d 458, 470 (2d Cir. 2009) (internal quotation marks omitted). But "[n]ot every alteration of

---

[3] Although Pena also argues that the district court plainly erred by instructing the jury about how to calculate the total weight of heroin involved in the conspiracy, Pena expressly concedes that the district court instruction tracked this Court's directive "that each defendant in a 21 U.S.C. § 846 conspiracy is responsible for 'the aggregate quantity of all the subsidiary transactions attributable to that particular member.'" Appellant's Br. at 40 (quoting *United States v. Pressley*, 469 F.3d 63, 66 (2d Cir. 2006)); *see also id.* at 37–38. He further acknowledges that this panel "is bound by the prior panel's decision in *Pressley*." *Id.* at 40–41. Quite right.

7

an indictment . . . rises to the level of a constructive amendment," *Dove*, 884 F.3d at 146; instead, binding case law has "consistently permitted significant flexibility in proof, provided that the defendant was given *notice* of the *core* of criminality to be proven at trial," *United States v. Banki*, 685 F.3d 99, 118 (2d Cir. 2012) (internal quotation marks omitted). So, to prevail on a constructive amendment claim, a defendant must demonstrate that either the proof at trial or the judge's jury instructions seriously "altered an essential element of the charge." *United States v. LaSpina*, 299 F.3d 165, 181 (2d Cir. 2002) (internal quotation marks omitted).

Here, the indictment gave Pena clear notice of the charge against him, by specifying that Pena, several named co-conspirators, "and *others known and unknown*" were members of the conspiracy to possess with intent to distribute and to distribute heroin. *See* Appellant's App'x at 167 (emphasis added). The fact that the government introduced – and then summarized – evidence about "other[]" co-conspirators, "known and unknown," would certainly not be grounds for reversal. *See United States v. Millar*, 79 F.3d 338, 345 (2d Cir. 1996). Indeed, the names of co-conspirators do not even form "an essential element" of a conspiracy offense. *Dove*, 884 F.3d at 147–48.

*Conclusion*

We have considered Pena's remaining arguments and find them to be meritless.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court